FILED

03 MAY -5 PM 3:09

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAY 05 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| BRUCE RUSSELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | |
| ) | 01-AR-2743-J |
| CONTINENTAL CASUALTY ) | |
| COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION**

Before the court is a motion by plaintiff, Bruce Russell ("Russell"), for partial summary judgment. Russell brings claims against Continental Casualty Company ("Continental") and Brad Ragan, Inc. ("BRI") for benefits under 29 U.S.C. § 1132(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"). Russell now seeks summary judgment in his favor on three contentions: 1) that the *de novo* standard of review applies to the short-term disability ("STD") benefits denial; 2) that the heightened arbitrary and capricious standard of review applies to the long-term disability ("LTD") benefits denial; and 3) that Continental is a plan fiduciary. Continental and BRI's response to Russell's motion was due on April 25, 2003. There was no request for an extension of time, and no reply was filed. Although Continental's and BRI's failure to respond does not permit the court to enter a "default" summary judgment, it does permit the court to accept Russell's evidence as undisputed. See *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1999). Russell's motion is due to be granted as to two of his contentions and ignored at to the other.

1

**Statement of Undisputed Facts**

Russel was employed by BRI as a worker in a tire manufacturing plant. BRI had a STD and a LTD plan. Russell was diagnosed by his treating cardiologist with severe and disabling coronary artery disease on or about May 1999. In July 1999 Russell was diagnosed by his treating physician as medically disabled. In its answer, Continental admits that "documentation exists to support the allegations" that Russell was diagnosed as disabled. On July 23, 1999, Russell's treating cardiologist submitted a written statement to Continental stating that Russell was "medically disabled." These records show objective medical evaluation and acceptable diagnostic techniques resulting in a diagnosis of coronary impairment and total disability. Continental chose to ignore Russell's physician's diagnosis and, instead, unilaterally determined that Russell's coronary artery disease caused him only to be temporarily disabled for seven (7) days. This decision was based upon the "expected disability duration for someone with a similar condition with proper treatment and your occupation level." Russell received seven days of STD benefits before his benefits were denied. On September 23, 1999, Continental wrote a letter to Russell indicating that the denial of his STD benefits was being upheld on appeal. This would indicate that Russell undertook to invoke the STD plan's appeal procedure. Russell submitted a second request for appeal of the denial to Continental. Russell was awarded Social Security disability benefits in November 1999. On December 5, 2000, Continental issued its final denial of Russell's claim for STD benefits. Although BRI says that it retains the right to overrule Continental, its claims administrator, there is no evidence that BRI participated in the decision making process or ever communicated with Russell on the subject of his STD benefits claim.

BRI does not deny the allegations that Continental was designated to carry out

responsibilities of approving and/or denying Russell's claim for STD benefits. BRI also admits that Continental is the administrator for BRI's self-funded STD plan. Furthermore, BRI does not deny that Russell's allegation that all decisions relating to Russell's disability benefits were made by Continental.

Under the terms of the STD plans, Russell claims that he qualifies for 26 weeks of disability benefits in that his medical condition prevented him from performing the material duties of his regular occupation. Under the terms of the LTD plan, Russell claims in his brief on motion for summary judgment that he is eligible to receive "Class 2" benefits. After the first 12 months of disability, the terminology of Continental's LTD policy changes the definition of disability from the claimant's work at his "regular occupation" to being unable to work at "any occupation." Russell claims that he has clearly met this criterion in that he is "continuously unable to engage in any occupation" for which he is qualified. Russell does not offer any proof that he ever applied for LTD benefits. Continental cannot be faulted under any view point for not awarding benefits that were never applied for.

## Analysis

The Eleventh Circuit has applied three standards of review to ERISA claims decisions: (1) *de novo* where the plan does not grant the administrator discretion; (2) arbitrary and capricious where the plan grants the administrator discretion; and (3) heightened arbitrary and capricious where the plan grants discretion, but there is a conflict of interest. *HCA v. Health Servs. of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 993 (11th Cir. 2001). To determine the applicability of a *de novo* review of the claim denial, the court need only review the plan documents for language that gives the plan administrator discretion to interpret the

language of the plan. Absence of such language creates in the court the obligation to review the decision *de novo*. If the court finds that the plan documents grant the claims administrator discretion to interpret disputed terms, then at a minimum, the court applies arbitrary and capricious review and possibly heightened arbitrary and capricious review if it determines that a conflict exits.

Russell points out that this STD plan does not contain discretionary language for interpretation of the plan, making claim denial subject to *de novo* review. The STD policy at issue in this case was self-funded by BRI and does not give Continental any discretionary authority to interpret plan provisions. Accordingly, Russell is entitled to summary judgment on this issue.

Russell strangely argues that the heightened arbitrary and capricious standard of review applies to the LTD benefits denial. Although defendants have not disputed Russell's argument, the court does not address this issue because there is no contention and no evidence that Russell ever applied for LTD benefits. In fact the amended complaint never mentions a denial of LTD benefits. Courts deal with real controversies and do not pass out free legal advice on potential controversies.

ERISA defines a "fiduciary" as one who "exercises any discretionary authority or discretionary control respecting management of [a] plan or exercises any authority or control respecting management or disposition of its assets." 29 U.S.C. § 1002(21)(A)(i). A fiduciary has "authority to control and manage the operation and administration of the plan," 29 U.S.C. § 1102(a)(1), and must provide a "full and fair review" of claim denials, 29 U.S.C. § 1133(2). *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, ----, 109 S.Ct. 948, 955, 103 L.Ed.2d 80

(1989). ERISA does not regulate the duties of non-fiduciary plan administrators. As such, non-fiduciaries cannot be held liable under ERISA. *Howard v. Parisian, Inc.,* 807 F.2d 1560, 1564-65 (11th Cir.1987). A plan administrator who merely performs claims processing, investigatory, and record keeping duties is not a fiduciary. *Id.* BRI and Continental do not deny the allegations that Continental was designated to carry out responsibilities of approving and/or denying Russell's claim for STD benefits. They also admit that Continental is the administrator for BRI's self-funded STD plan. Furthermore, they do not deny that Russell's allegation that all decisions relating to Russell's disability benefits were made by Continental. As a matter of undisputed fact Continental performed the decision making function. Although Continental did not insure the STD benefits, and BRI reserved the right to review the denial of claims, the case is so close on its facts to *Florence Nightingale Nursing Serv. v. Blue Cross,* 832 F.Supp. 1456 (N.D. Ala. 1993), wherein this court found a non-insurer claims administrator subject to suit under ERISA, and was affirmed in *Florence Nightingale Nursing Serv. v. Blue Cross,* 41 F.3d 1476 (11th Cir. 1995), that the court finds Continental to be a co-fiduciary, and summary judgment as to this issue will be granted.

## Conclusion

By separate order, the court will partially grant Russell's motion for partial summary judgment.

DONE this \_\_5\_\_ day of May, 2003.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE