IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| BRUCE RUSSELL, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 01-AR-2743-J |
| CONTINENTAL CASUALTY COMPANY, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Before the court is the motion of plaintiff, Bruce Russell ("Russell"), to reconsider the order of May 5, 2003 insofar as it denied partial summary judgment relating to long-term disability benefits or, in the alternative, for leave to file an amended complaint to clarify his claim for long-term disability benefits. Russell moved for partial summary judgment in his favor on three contentions: 1) that the *de novo* standard of review applies to the short-term disability benefits denial; 2) that the heightened arbitrary and capricious standard of review applies to the long-term disability benefits denial; and 3) that Continental Casualty Company ("Continental") is a plan fiduciary. Defendants did not respond to the said motion and have not responded to the motion for reconsideration.

In regards to Russell's contention concerning long-term disability benefits, the court on May 5, 2003 found that he did not allege or offer any proof that he applied for long-term disability benefits, and therefore the court declined to set a standard of review. Plaintiff's initial complaint does, of course, contain a generic request for disability benefits. It alleges generally

1

that defendant Continental provided plaintiff with a policy of insurance covering him for loss of income as a result of physical disability. The complaint proceeds to allege generally that plaintiff filed a claim for benefits under his disability policy. Plaintiff filed an amended complaint on January 21, 2003 to add his employer, Brad Ragan, Inc. ("BRI") as a defendant.

Attached to plaintiff's present motion are copies of plaintiff's request for administrative appeal of his long-term disability claim denials. It appears, then, that the first time that plaintiff applied for long-term disability benefits he was turned down. In accordance with the scheduling order, plaintiff has until July 21, 2003 to file potentially dispositive motions. Because the court's earlier reluctance to grant summary judgment on the standard of review applicable to the denial of long-term disability benefits was only because of the lack of proof that plaintiff ever applied for benefits, the court will now grant the plaintiff's motion for reconsideration and will find that the heightened and arbitrary capricious standard of review applies to the long-term disability benefits denial.

By separate order, the court will grant plaintiff's motion to reconsider.

DONE this 27th day of May, 2003.

_____
WILLIAM M. ACKER, JR
UNITED STATES DISTRICT JUDGE